CLARA ZORNER, THERESA ZORNER, GUSTAV ZORNER, JR., CHARLES ZORNER, CHRIST GEISS, LOUISE PETTY and LOUISE PETTY, guardian *ad litem* for VERA PETTY, an infant, complainants-appellants,

*v.*

CHARLES J. FOTH, individually and as executor of the last will and testament of Theresa Tema, deceased, ANTHONY TEMA and RUTHERFORD NATIONAL BANK, defendants-respondents.

[Submitted February term, 1940. Decided April 25th, 1940.]

*Messrs. Conkling, Smith & Towe* (*Mr. George A. Smith,* of counsel), for the appellants.

*Messrs. Rosenberg, Ross & King (Mr. Michael J. King,* of counsel), for the respondent Charles J. Foth, individually and as executor, &c.

*Mr. J. Bernard Saltzman,* for the respondent Anthony Tema.

PER CURIAM.

The decree is affirmed, for the reasons expressed in the opinion of the learned vice-chancellor.

It is urged that, if the legacies be held to be specific, appellants "are entitled to the interest credited to the fund," and "are also entitled to interest at the legal rate on the money withdrawn by the executor and used by him for the payment of funeral and administrative expenses."

It suffices to say that the executor's account discloses that he has charged himself with all interest received, and, since the personal estate is insufficient to satisfy the debts, administration expenses, and the specific legacies in their entirety, appellants have not suffered any loss of interest by the decree under review.

DONGES, J. (Dissenting.)

I am unable to agree with the result reached by the majority.

The bill was filed by certain legatees under the will of one Theresa Tema to obtain a construction of the will and to enforce payment of their legacies. It appears that at the time of her death, Mrs. Tema had money in bank which sum was larger at the time the will was made than at the time of her death.

By the first paragraph of the will she said "First. I direct that my just debts and funeral expenses be paid by my executor hereinafter named as soon as practicable after my decease." By the second, third, fourth, fifth and sixth paragraphs, she made bequests of certain sums of money to seven relatives. In the sixth paragraph she said "All the aforementioned bequests to be paid by my executor hereinafter named out of the existing bank account held in my name

in the Rutherford National Bank, East Rutherford Branch." The bank account was insufficient to pay the bequests in full. By the seventh paragraph she provided "All the rest, residue and remainder of my estate, real, personal and mixed, including my household furniture and the joint savings account in the East Rutherford Savings Loan and Building Association I give, devise and bequeath to my beloved husband Anthony Tema."

It is contended by the appellants that their legacies were general, but I agree with the holding of the court below and the majority of this court that they were not. The purpose of the testatrix was clearly manifested by the language used to limit the payment of these bequests from the account in bank and they were, therefore, specific legacies.

The next question, and the one on which I differ from the result reached by the majority, is whether or not, the personal estate other than the bank account being insufficient to pay debts, funeral expenses and administration expenses, the fund so specifically bequeathed is to be first used for the payment of expenses and debts rather than the real property which passed by the residuary clause. It will be observed that there is a specific direction to the executor to pay the debts. There is no specific devise of real estate. The real estate would pass, along with any remaining personalty, under the general provision as to residue. I think it is clear that where there is a direction to an executor to pay debts real estate as well as personalty is subject to such payment. The court below held to the contrary, saying that the executor has no power to use real estate for such payments, but I think this is not so.

It seems to me that a reading of this will, and after all the will is the controlling factor in determining the intention of a testator, makes it clear that there was a specific bequest of the money in bank; and when this is coupled with the direction to pay debts, I think that the intention of the testatrix is clear, and that she desired that this fund should pass to the named beneficiaries without deduction for debts, unless the balance of her estate, real and personal, was insufficient, in which event, of course, debts would come ahead of any gifts.

In *Higbie* v. *Morris, 53 N. J. Eq. 173,* this court, speaking through Mr. Justice Dixon, said: "Aside from statutory provisions, executors have no power to use the lands of the testator for the payment of his debts, except so far as an intent to give them such power appears in the will. The present will gives the executors no power whatever to devote any portion of the realty to the payment of the debts secured by mortgage on the Plainfield property. There is no general direction that debts shall be paid, from which to infer a charge of the debts upon the residuary realty." From this I take it that a direction to pay debts is a charge upon the residue of realty where there has been a specific bequest of personalty, and that in such case the personalty so specifically bequeathed is exonerated and the residue of the estate, whether personalty or realty, is subject to the payment of debts and other necessary expenses.

It seems to me that we find this estate in the same situation as if there were no personalty whatever, so far as this bank account is concerned, and as if the estate consisted wholly of the residue. In that event there can be no doubt that debts would be chargeable upon the realty. As to the payment of the expenses out of this fund, in *Fowler* v. *Colt, 22 N. J. Eq. 44* (at *p. 49*), Chancellor Zabriskie said: "In all cases where the will contains no directions as to commissions or expenses of administration, specific legacies, and bequests of specified sums, are not charged with them, but are paid in full, and the expenses and commissions are taken from the residue, or such assets as are not disposed of. A gift of $40,000, or the income of $40,000, would entitle the legatee to the exact amount, without any deduction, if the estate is not exhausted. A testator can charge such legacy with its proportion of commissions, and other expenses, but for this his directions must be explicit and clear."

And in *Swetland* v. *Swetland, 100 N. J. Eq. 196* (at *p. 219*), paragraph 12, it was said: "In all cases where the will contains no directions as to commissions or expenses of administration, specific legacies and bequests are not charged with them but are paid in full and the commissions are taken

from the residue of such assets as are not disposed of." Citing *Fowler* v. *Colt, supra.*

It seems to me that it has been held that where there is a gift of a specific thing, that specific article is relieved from the payment of debts and expenses unless the balance of the estate is insufficient to pay such debts or expenses. I conclude, therefore, that there was a specific bequest in this case limited to the moneys in bank, but that such fund was not subject to the payment of debts if there be other assets, either personalty or realty, out of which such debts may be paid.

Suppose a case where there were specific bequests of specified articles or moneys in bank, or whatever personalty it might consist of, and there were also general bequests not limited to any fund or specified things, and suppose the personal estate was insufficient to pay debts, specific bequests and general bequests, and the residue consisted wholly of real estate. According to the rule adopted in this case, the general bequests would be a charge upon the residue of the estate, but so far as the specific bequests are concerned, inasmuch as they involve personalty, they would be subject to the payment of debts before the residue could be used, since it consisted of realty. It would, therefore, result that general bequests would be paid out of the residue but the specific bequests would not be paid because the things so specified would be first used for the payment of debts and administration expenses.

These views lead me to vote for reversal. Judge Wolfs-Keil has requested me to say that he concurs in this dissent.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, RAFFERTY, HAGUE, JJ. 12.

*For reversal*—DONGES, WOLFSKEIL, JJ. 2.